UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PINNACLE GREAT PLAINS OPERATING COMPANY, LLC,<br><br>                  Plaintiff,<br><br>v.<br><br>WYNN DEWSNUP REVOCABLE TRUST; WYNN DEWSNUP, as trustee of the Wynn Dewsnup Revocable Trust; and DOES INDIVIDUAL/ENTITIES I through XX,<br><br>                  Defendants. | Case No. 4:13-cv-00106-EJL-CWD<br><br>**MEMORANDUM DECISION AND ORDER**<br><br>**RE: DOCKET NOS. 28 and 32** |

      Before the Court are two motions filed by Plaintiff Pinnacle Great Plains Operating Company, LLC, both of which request leave to amend Pinnacle's complaint. The first motion, (Dkt. 28), seeks to add a claim for fraudulent inducement against Defendants—the Wynn Dewsnup Revocable Trust and Wynn Dewsnup in his capacity as trustee (collectively, "Dewsnup")—as well as Wynn Dewsnup in his individual capacity. Dewsnup opposes this motion on the ground that it is untimely under the governing Case Management Order ("CMO"). On the other hand, Dewsnup does not oppose Pinnacle's

**MEMORANDUM DECISION AND ORDER - 1**

second motion, (Dkt. 32), which seeks to join a new defendant, 1 Stop Realty, Inc. ("One Stop"), and to amend the complaint with claims against One Stop.

District Judge Edward Lodge has referred all matters in this case to the undersigned. (Dkt. 15.) In the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, Pinnacle's motions will be decided on the record without oral argument. Dist. Idaho L. Rule 7.1(d). For the reasons more fully explained below, the Court will grant both motions.

## BACKGROUND

This action arises out of Dewsnup's October 2011 sale to Pinnacle of a 5,487-acre parcel of agricultural land near Malta, Idaho, known as Bridge Farm. Pinnacle claims Dewsnup misrepresented the quality of the groundwater supply for Bridge Farm's irrigation system. According to Pinnacle, some of the wells supplying water to the irrigation system contain high levels of sodium, resulting in a "sodium absorption ratio that does not support normal agricultural activities." (Compl. ¶ 17, Dkt. 1.)

Pinnacle filed this action on March 5, 2013, alleging Dewsnup breached the parties' Real Estate Purchase and Sale Agreement and breached of the covenants of good faith and fair dealing. In mid-April of 2013, Dewsnup moved to dismiss the complaint, primarily arguing Pinnacle's lawsuit was untimely. In addition, Dewsnup argued (and Pinnacle later conceded) that Wynn Dewsnup was not a party to the Purchase and Sale Agreement in his individual capacity and thus not a proper defendant with respect to Pinnacle's contract claims. After adopting the undersigned's Report and

**MEMORANDUM DECISION AND ORDER - 2**

Recommendation on February 6, 2014, Judge Lodge dismissed Pinnacle's individual capacity claims against Wynn Dewsnup but otherwise denied the motion to dismiss. (Dkt. 19.)

Thereafter, the case proceeded under the CMO entered on May 30, 2013. (Dkt. 13.) In early March of 2014, the Court granted Pinnacle's unopposed motion to extend the CMO's deadlines for discovery, dispositive motions, and mediation. However, Pinnacle did not seek to amend the CMO's November 29, 2013 deadline for amendment of pleadings and joinder of parties. Pinnacle filed the instant motions many months after that deadline expired.

## LEGAL STANDARDS

A party seeking to amend a pleading after the deadline for amendments must satisfy the "good cause" standard of Rule 16(b) in addition to the more liberal standard for amendment of pleadings under Rule 15(a). Once a court sets a case schedule pursuant to Rule 16, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" inquiry under Rule 16 "is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted). The focus of the good cause analysis is on "the diligence of the party seeking the extension." *Id.* Thus, the issue under Rule 16(b) is whether "pretrial schedule . . . cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (quoting Fed. R. Civ. P. advisory committee's notes (1983 amendment)) (internal quotation marks omitted). "If that party was not diligent, the inquiry should end." *Id.*

**MEMORANDUM DECISION AND ORDER - 3**

But, if there is good cause to modify the case schedule, the "court should freely give leave [to amend pleadings before trial] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court, in interpreting Rule 15(a), has set forth the standard to be applied by the district courts:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent or declared reason- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the Ninth Circuit, the factors identified in *Foman* are not of equal weight; specifically, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). The most important factor is whether amendment would prejudice the opposing party. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

## ANALYSIS

1. **Motion to Amend Complaint (Dkt. 28)**

Pinnacle's first motion to amend seeks to add a claim for fraudulent inducement against the Wynn Dewsnup Revocable Trust and Wynn Dewsnup, both as trustee and in his individual capacity. Dewsnup argues the motion should be denied as untimely. Noting that the amendment deadline expired nearly one year before Pinnacle moved to amend,

Dewsnup claims Pinnacle has neither requested[1] nor shown good cause for modifying the CMO. In response, Pinnacle contends the November 29, 2013 deadline for joinder of parties and amendment of pleadings was "essentially inoperative" due to this case's somewhat unique procedural posture. (Dkt. 31 at 3.)

Considering the history of this case, the Court finds that Pinnacle's failure to meet the CMO's amendment deadline does not conclusively establish a lack of diligence. The deadline expired approximately two months before the Court resolved Dewsnup's motion to dismiss, and nine months before Dewsnup filed an answer. The answer includes allegations that appear to anticipate a fraud claim. For instance, Dewsnup alleges that Pinnacle "forfeited and waved [sic] the claims set forth in the Complaint . . . as well as all claims of fraud," and that "Pinnacle's fraud claims are barred because the statement upon which Pinnacle relies are statements of opinion . . . ." (Answer ¶¶ 5, 19, Dkt. 27.) Further, Pinnacle filed the instant motion to amend only 10 days after Pinnacle received Dewsnup's responses to its first set of discovery requests. Thus, when the amendment deadline expired in late November of 2013, Pinnacle did not know whether its complaint would be dismissed, nor did it have the benefit of Dewsnup's answer or discovery responses.

Dewsnup's untimeliness argument ignores these critical details. Instead, Dewsnup relies on the fact that Pinnacle purportedly knew the bases for its fraud claim before the

---

[1] Although Pinnacle styled its motion simply as a "Motion to Amend Complaint," both parties briefed whether Pinnacle met Rule 16's good cause standard. For that reason, the Court will deem Pinnacle's motion as a "de facto motion to amend the scheduling order" as well as a request for leave to amend. *See Johnson*, 975 F.3d at 609.

**MEMORANDUM DECISION AND ORDER - 5**

amendment deadline. Pinnacle does not deny that it had sufficient knowledge to allege fraud before the deadline. However, Pinnacle claims it was entitled to confirm the factual bases for its fraud claim—which, under Rule 9(b), must be plead with particularity—before seeking leave to amend. There is some support for this argument. *See Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 989 F.Supp.1237, 1247 (N.D. Cal. 1997) ("[B]ecause the legal theory implicates [Rule 9(b)], requiring pleading of fraud with particularity, [the party] was entitled to confirm factual allegations before amending . . . .").

While "carelessness is not compatible with a finding of diligence," *Johnson*, 975 F.2d at 609, the facts of this case readily distinguish *Johnson*. In that case, the plaintiff filed suit over injuries sustained when a t-bar ski lift released and threw him to the ground. *Id.* at 606. Johnson's complaint named Mammoth Recreations, Inc. as defendant but failed to name the company that actually owned and operated the lift, Mammoth Mountain Ski Area. *Id*. Mammoth Recreations repeatedly gave Johnson clear notice of the mistake, but Johnson did not attempt to add Mammoth Mountain Ski Area as a defendant until long after the deadline for amending the complaint. *Id.* at 607. Affirming the district court's denial of leave to amend, the Ninth Circuit emphasized that Johnson failed "to heed clear and repeated signals" and "failed to pay attention to the [discovery] responses [he] received." *Id.* at 609–610.

Here, by contrast, Pinnacle moved to amend soon after receiving Dewsnup's first set of discovery responses. Indeed, the amendment deadline expired before Dewsnup filed an answer and before the parties engaged in any discovery, because Dewsnup

**MEMORANDUM DECISION AND ORDER - 6**

requested and Pinnacle agreed to not pursue discovery (with the exception of initial disclosures) until the Court resolved Dewsnup's motion to dismiss. (Dkt. 20 at 2.) As *Johnson* illustrates, a party ordinarily will have the benefit of a responsive pleading and some discovery before it faces a deadline for amendment of pleadings. Thus, the fact that Pinnacle waited for Dewsnup's answer and discovery responses to confirm its fraud allegations before seeking leave to amend indicates Pinnacle acted diligently under the circumstances.

Additional practical considerations support this conclusion. Although diligence is the focus of the Rule 16, the "existence or degree of prejudice to the party opposing the motion" is also relevant. *Johnson*, 975 F.2d at 609. Pinnacle contends—and Dewsnup does not dispute—that the proposed fraud claim will not unduly prejudice Dewsnup or require additional discovery, because the fraud claim arises from the same facts as Pinnacle's contract claims. Where a proposed amendment comes late in the case but "create[s] no meaningful case management issues and [does] not infringe of the efficient adjudication of the litigation," the Ninth Circuit has affirmed the decision to allow the amendment. *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011) (internal quotations and alteration omitted). Here too, modifying the CMO would not cause undue prejudice to Dewsnup or create meaningful case management issues.

But denying Pinnacle's motion may well have the opposite effect. Pinnacle contends—and Dewsnup does not dispute—that it could bring the proposed fraud claim in a separate lawsuit and seek to consolidate that action with this one. In other words,

**MEMORANDUM DECISION AND ORDER - 7**

denying Pinnacle's motion would likely invite not only a second lawsuit involving the same parties and the same transaction, but also litigation over consolidation of the two actions. As the Eastern District of California recognized in similar circumstances, "a separate action later consolidated with this action would be tantamount to granting this motion to amend." *Contract Assocs. Office Interiors, Inc. v. Ruiter*, CIV.S-07-0334 WBS EFB, 2008 WL 2420586, at *1 (E.D. Cal. Jun. 12, 2008). For that reason, the court found good cause to modify its scheduling order even though the plaintiff had ample time to amend before the deadline. *Id*. Therefore, the Court finds good cause to modify the CMO.

The Court also finds Pinnacle's proposed amendment appropriate under the liberal standard of Rule 15(a). "Absent prejudice, or a strong showing of any of the remaining *Foman* [*v. Davis*, 371 U.S. 178, 182 (1962)] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Here, Dewsnup's opposition to Pinnacle's proposed amendment rests solely on Rule 16 and thus does not address any of the *Foman* factors. Dewsnup has failed to rebut the presumption in favor of leave to amend, and Pinnacle's motion will be granted.

2. **Motion to Amend Pleadings to Join a Party and to Modify Case Management Order (Dkt. 32)**

Pinnacle also seeks to amend its complaint to add claims against a new defendant. The proposed new defendant, One Stop, was Pinnacle's real estate broker in connection with its purchase of Bridge Farm. Pinnacle filed this motion more than one year after the deadline for joinder of parties and amendment of pleadings. However, Pinnacle contends

there is good cause to allow the late amendment, because Pinnacle discovered evidence to support claims against One Stop after the amendment deadline expired. Confirming that the proposed claims against One Stop arise from newly discovered facts, Dewsnup does not oppose this motion.

"If a party does not learn of information necessary to amend its complaint until after the scheduling order deadline, no amount of diligence would allow the party to seek amendment before the expiration of the deadline." *Mays v. Stobie*, No. 3:08-CV-552-EJL-CWD, 2010 WL 5110083, at *4–5 (D. Idaho Dec. 7, 2010). Accordingly, the Court finds good cause to modify the CMO to allow Pinnacle to join and bring claims against One Stop. Joinder of One Stop is appropriate under Rule 20(a)(2), because the proposed claims against One Stop arise out of the same transaction—the sale of Bridge Farm—as Pinnacle's claims against Dewsnup. *See Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375–76 (9th Cir. 1977) (explaining that Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits"). Further, the Court finds Pinnacle's proposed amendment is appropriate under Rule 15(a).

///

///

///

///

///

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiff's Motion to Amend Complaint (Dkt. 28) is **GRANTED**.

2) Plaintiff's Motion to Amend Pleadings to Join a Party and to Modify Case Management Order (Dkt. 32) is **GRANTED**.

3) Plaintiff shall file an amended complaint in accordance with this Order on or before February 27, 2015. Defendants shall file an answer or otherwise respond within 21 days of the filing of the amended complaint.

Dated: **February 23, 2015**

Honorable Candy W. Dale
United States Magistrate Judge