Robert A. Anderson, ISB No. 2124
Tracy J. Crane, ISB No. 6830
ANDERSON, JULIAN & HULL LLP
C. W. Moore Plaza
250 South Fifth Street, Suite 700
Post Office Box 7426
Boise, Idaho 83707-7426
Telephone:   (208) 344-5800
Facsimile:   (208) 344-5510
E-Mail:      raanderson@ajhlaw.com
             tcrane@ajhlaw.com

*Attorneys for Third-Party Defendant Robert Jones Realty, Inc.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PINNACLE GREAT PLAINS OPERATING COMPANY, LLC, an Arkansas Limited Liability Company,<br><br>         Plaintiff,<br>vs.<br><br>WYNN DEWSNUP REVOCABLE TRUST; WYNN DEWSNUP, in his individual capacity and as trustee of the Wynn Dewsnup Revocable Trust; 1 Stop REALTY, INC., and DOES INDIVIDUAL/ENTITIES I through XX,<br><br>         Defendants. | Case No. 4:13-CV-00106-EJL-CWD<br><br>THIRD-PARTY DEFENDANT ROBERT JONES REALTY, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS |
| 1 Stop REALTY, INC., a Minnesota corporation,<br><br>         Third-Party Plaintiff,<br>vs.<br><br>ROBERT JONES REALTY, INC., an Idaho corporation,<br><br>         Third-Party Defendant. | |

THIRD-PARTY DEFENDANT ROBERT JONES REALTY, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 1

| |
|---|
| WYNN DEWSNUP REVOCABLE TRUST; WYNN DEWSNUP, in his individual capacity and as trustee of the Wynn Dewsnup Revocable Trust, <br><br>         Cross-Claimants, <br> vs. <br><br> 1 Stop REALTY, INC., a Minnesota corporation, <br><br>         Cross-Defendant |

Third-Party Defendant Robert Jones Realty, Inc. ("RJR") files this memorandum in support of its motion to dismiss 1 Stop REALTY, INC.'s ("1 Stop") Third-Party Complaint (Dkt. 37, pp. 6-11), ("1 Stop"), and states as follows:

## I. INTRODUCTION

1 Stop's Third-Party Complaint fails to state a claim against RJR and should be dismissed under Federal Rule of Civil Procedure 12(b)(6). The Third-Party Complaint asserts two causes of action. Both causes of action allege RJR breached a duty owed to Pinnacle Great Plains Operating Company, LLC ("Pinnacle"), and that because of that breach, RJR should be liable to 1 Stop. Neither cause of action states a viable claim under Idaho law, as RJR did not owe the alleged duties to 1 Stop, and 1 Stop has not alleged facts demonstrating it is the proper party to assert a claim for RJR's alleged breach of duties purportedly owed to Pinnacle.

## II. ALLEGED FACTS RELEVANT TO THIS MOTION

The following facts are taken from the allegations in 1 Stop's Third-Amended Complaint.[1] RJR—on behalf of the Dewsnup Defendants—brokered the sale of the Property at issue in this lawsuit. (Dkt. 37, p. 6 at ¶ 6.) 1 Stop was not Pinnacle's broker and did not broker the sale on behalf of anyone. (*Id*., p. 7 at ¶¶ 7 & 8.) RJR prepared a sales brochure for the

---

[1] Because the Court takes the allegations as true on a Rule 12(b)(6) motion, RJR recites the facts as alleged. In the event the Court denies its motion, RJR reserves the right to admit or deny the allegations as necessary in its Answer.

THIRD-PARTY DEFENDANT ROBERT JONES REALTY, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 2

property that stated the property had "quality ground water." (*Id.*, ¶ 10.) RJR had water analysis information "available to it" that "included information regarding sodium and salt levels." (*Id.*, ¶ 11.) Representatives of RJR, Dewsnup, 1 Stop, and Pinnacle discussed a "salt problem" at an August 8, 2011 meeting. (*Id.*, ¶ 12.) RJR did not tell Pinnacle the salt content of the water "could impact crop production." (*Id.*, ¶ 14.) RJR did not disclose to Pinnacle its knowledge of the "salt content related to the property" or the "salt-related water quality issues." (*Id.*, pp. 7-8 at ¶¶ 15 & 16.)

III. ARGUMENT

A. **Rule 12(b)(6) Standard**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) a "complaint generally must satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2)." *Sun Valley Bronze, Inc. v. Nobilus*, 2008 WL 5234055, *1 (D. Idaho 2012) quoting *Schimsky v. U.S. Office of Personnel Management*, 2008 WL 5024916 *2 (S.D.Cal.2008) (citing *Navarro v. Black*, 250 F.3d 729, 731 (9th Cir.2001)). In considering a Rule 12(b)(6) motion, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir.1998) (citation omitted). The court, however, "does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Sun Valley Bronze*, 2008 WL 5234055 at *1 (citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir.1994)). Moreover, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir.1996); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Although there is a strong presumption against dismissing an action for failure to state a claim, *see Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997), dismissal is proper where the plaintiff fails to plead the elements of a claim. *Grosz v. Lassen Community Coll. Dist.*, 572 F.Supp.2d 1199, 1208 (E.D. Cal. 2008). "If a complaint seeks individual relief, then each

THIRD-PARTY DEFENDANT ROBERT JONES REALTY, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 3

plaintiff's right to relief depends upon proof of the operative facts giving rise to an enforceable right in favor of that plaintiff." *Id*. (internal quotations omitted). For example, dismissal is warranted where a claim asserted does not include a duty owed to the claimant. *See, e.g.*, *Zazzali v. Eide Bailly LLP*, 2013 WL 6045978, *37 (D. Idaho 2013) (dismissing breach of fiduciary duty claim where relationship necessary to give rise to the duty did not exist).

### B. 1 Stop's Third-Party Complaint Fails to State a Claim Against RJR

Both claims for relief which 1 Stop's Third-Party Complaint asserts against RJR arise under the Idaho Real Estate Brokerage Representation Act ("Brokerage Act"), IC § 54-2082, et seq. 1 Stop asserts a statutory claim for violation of the Brokerage Act and a negligence per se claim—arising from the same alleged conduct—for breach of the act. In essence, they are the same claim and fail for the same reason, i.e., as a matter of law, RJR owed no duty to 1 Stop under the Brokerage Act, something the Third-Party Complaint tacitly concedes by alleging RJR breached duties owed to Pinnacle while failing to allege RJR breached duties owed to 1 Stop.

#### 1. 1 Stop's Statutory Duty Claim under the Brokerage Act Fails As a Matter of Law Because RJR Owed No Statutory Duty to 1 Stop

In its First Claim for Relief (Dkt. 37, pp. 8-9 at ¶¶ 17-27), 1 Stop alleges RJR violated statutory duties in the Brokerage Act. The Court should dismiss this cause of action because RJR did not owe 1 Stop those duties.

Whether a statutory duty exists is a question of law. *Mugavero v. A-1 Auto Sales, Inc.*, 944 P.2d 151, 154 (Idaho 1997). The determination begins with the statute's literal language, giving its words their plain, obvious and rational meaning. *Id*. In *Mugavero*, a vehicle was sold to the purchaser without certain statutorily required safety devices. The day it was sold, the vehicle broke down on the road. Snow banks prevented the driver from moving the vehicle out of the traffic lane. Because it lacked the statutorily required safety devices, the plaintiff did not see the stranded vehicle and collided with it from behind. *Id*. at 555. The plaintiff sued the vehicle dealer, arguing it breached a statutory duty under section 49-903 to equip the vehicle with the required—but missing—safety devices. The district court and Idaho Supreme court disagreed,

holding the statute, and related sections 49-952 and 49-953 created duties for operators and drivers but not dealers.

Although *Mugavero* evaluated statutory language to determine who owed the statutory duty—whereas the issue with 1 Stop's claims is to whom a statutory duty is owed—the case is instructive in showing that under Idaho law, statutory duties do not extend beyond the confines of the relationships addressed in the statute. Section 49-903 did not create a duty owed by the dealer because it did not specify who was responsible for putting the devices in a vehicle. *Id*. at 557. Section 49-952 did not create a duty owed by the dealer because its prohibitive language stated, "no person shall *operate* any truck," and "operator" was defined as the person in "actual physical control," which was not the dealer after the sale. *Id*. And section 49-953 did not create a duty owed by the dealer because it obligated the "driver" to engage certain illumination devices and the dealer was not the driver when the accident happened. *Id*. Accordingly, the Idaho Supreme Court readily found the dealer owed no statutory duty to the plaintiff because, while imposing duties on others, the statutes did not impose on the dealer a duty to ensure vehicles were equipped with the equipment or warn buyers the equipment was missing. *Id*; *see also Withers v. Bogus Basin Recreational Assoc., Inc.*, 156 P.3d 579, 582 (Idaho 2007) (holding ski area operator statutes "comprise the entirety of an operator's duties under the statute").

Similarly, 1 Stop's statutory duty claim fails because the Brokerage Act's plain language does not create a statutory duty owed by RJR to 1 Stop. The act eliminates all common law agency duties in regulated real estate transactions. IC § 54-2094. The only duties owed are those stated in the act. Per sections 54-2086 and 54-2087, respectively, the only persons to whom a broker owes duties are "customers" and "clients." 1 Stop does not fall within either definition.

"Customer" is "a buyer or seller, or prospective buyer or seller" that has not entered a written agency representation agreement with the broker. IC § 54-2083(7). "Client" is a "buyer or seller, or prospective buyer or seller" who has entered a written agency representation agreement with the broker. IC § 54-2083(5). Idaho Code § 54-2804(1) expressly states no buyer or seller is represented by a brokerage unless there is a written representation agreement, making

such persons merely a customer. The Brokerage Act defines a broker's duties to "customers" in IC § 54-2086 and to "clients" in IC § 54-2087. 1 Stop does not allege it was a buyer or seller in the transaction or that it has a written representation agreement with RJR, thus it was not a "customer" or a "client." Thus, RJR did not owe it section 54-2086 or 54-2087 duties. Because those are the only sources of a duty under the act, there is no duty 1 Stop could allege under the Brokerage Act that would make RJR liable to it for the transaction at issue.

Indeed, it is clear from 1 Stop's First Claim for Relief that 1 Stop is not asserting RJR owed it a duty under the act. Rather, 1 Stop asserts RJR breached a duty owed to Pinnacle. It alleges the transaction was a regulated real estate transaction, bringing it under the Brokerage Act. (Dkt. 37, p. 8 at ¶ 20.) Because it alleges it was not Pinnacle's broker (*id*., p. 7 at ¶ 8), 1 Stop alleges Pinnacle was an "unrepresented buyer" in the deal. (*Id*., p. 8 at ¶ 21.)[2] Accordingly, and in apparent recognition that RJR did not owe it a duty, 1 Stop alleges that under the Brokerage Act, RJR "had a statutory duty to disclose to Pinnacle adverse material facts" of which it was aware, and failed to disclose the same. (*Id*., p. 8 at ¶ 22 & p. 9 at ¶¶ 24-26.) But, as in *Mugavero*, where RJR did not owe 1 Stop a statutory duty, 1 Stop has no statutory claim against RJR.

1 Stop has not alleged other facts to show it has the right to assert a claim against RJR for an alleged breach of a statutory duty owed to a third party, particularly where 1 Stop expressly alleges it was not the third-party's representative. 1 Stop simply has no legal basis to assert a claim for breach of a duty owed by RJR to Pinnacle. Accordingly, 1 Stop's First Claim for Relief fails as a matter of law.

---

[2] As noted above, under IC § 54-2086, a buyer that is not represented by the broker is, vis-à-vis that broker, a customer. *See also Staff of Idaho Real Estate Comm'n v. Nordling*, 22 P.3d 105, 109-110 (Idaho 2001). Likewise, a buyer represented by its own broker is a "client" of that broker and a "customer" of the seller's broker. *Id.* Further, a buyer or seller in a regulated real estate transaction is a "customer" of any and all brokers with which it does not have a written agency agreement, because under the act "no type of agency relationship may be . . . created orally or by implication." *Johnson v. McPhee*, 210 P.3d 563, 569 (Idaho 2009), citing IC § 54-2084.

THIRD-PARTY DEFENDANT ROBERT JONES REALTY, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 6

### 2. 1 Stop's Negligence Per Se Claim Fails to Assert a Duty Owed by RJR to 1 Stop, Thus It Fails As a Matter of Law

Like its statutory duty claim, 1 Stop's negligence per se claim is that RJR breached a "statutory duty to disclose [under the Brokerage Act]," to Pinnacle, adverse material facts "of which it knew or should have known." (Dkt. 37, p. 9 at ¶¶ 29-31.) This claim also fails as a matter of law because RJR did not owe 1 Stop a relevant duty under the Brokerage Act.

"Under Idaho law, no liability exists under the law of torts unless the person from whom relief is sought owed a duty to the allegedly injured party." *Bowling v. Jack B. Parson Cos.*, 117 Idaho 1030, 1032, 793 P.2d 703, 705 (1990). Four elements must be met for a negligence per se claim to exist:

> (1) the statute or regulation must clearly define the required standard of conduct; (2) the statute or regulation must have been intended to prevent the type of harm the defendant's act or omission caused; (3) the plaintiff must be a member of the class of persons the statute or regulation was designed to protect; and (4) the violation must have been the proximate cause of the injury

*O'Guin v. Bingham County*, 122 P.3d 308, 311 (Idaho 2005). Failure to satisfy all elements negates a negligence per se claim. *Id.* For example, in *Nezperce Storage Co. v. Zenner*, 670 P.2d 871, 875 (Idaho 1983), the Idaho Supreme Court held a seed labeling statute, IC § 22-417(3), which imposed penalties on a seller of incorrectly labeled seed was designed to protect "customers who purchased the seed." *Id*. The defendant was a seed supplier that requested a negligence per se instruction in support of its defense. *Id*. The Idaho Supreme Court, upholding the district court's refusal to give the instruction, stated, "clearly, the statute was not designed to provide protection to the [defendant], who can best be described as suppliers . . . . Hence, we deem the statute and doctrine of negligence per se in the instant case irrelevant." *Id*.

1 Stop's negligence per se claim fails as a matter of law because it is not a member of the class of persons the statute or regulation was designed to protect. As explained in Section II.B.1, *supra*, the only duties owed by a broker under the act are those owed to "customers" and "clients." To be a "client," 1 Stop must have entered into a written agency agreement with RJR. 1 Stop does not allege that happened. Thus, 1 Stop is not a "client" as a matter of law. 1 Stop

also cannot be a "customer" as a matter of law because it was not—and could not in good faith allege it was—the seller or the buyer. Indeed, it alleges the purchase at issue was between Pinnacle and the Dewsnup defendants. (Dkt. 37, p. 6 at ¶ 5.) And 1 Stop expressly alleges it was not Pinnacle's broker and did not broker the sale of the Property on behalf of any party. (Dkt. 37, p. 7 ¶¶ 7 & 8.) In other words, 1 Stop does not allege it had any status in the transaction that would bring it within the scope of the statutory duties RJR owed as a broker. 1 Stop's allegation that RJR breached duties owed to Pinnacle does not somehow make it a member of the class of persons the Brokerage Act was designed to protect.

As neither a "customer" nor "client" of RJR, 1 Stop was not a member of the class of persons the Brokerage Act is designed to protect. Accordingly, Rule 12(b)(6) warrants dismissal of 1 Stop's Second Claim for Relief.

## IV. CONCLUSION

1 Stop's Third-Party Complaint fails to state a claim against RJR. Both asserted causes of action and alleged facts in support argue RJR breached duties owed to Pinnacle, not 1 Stop. 1 Stop does not allege facts demonstrating why it is the proper party to assert a claim against RJR for its alleged breach of duties owed to Pinnacle. Accordingly, the Court should dismiss 1 Stop's Third-Party Complaint in its entirety.

Dated this 7th day of May, 2015.

By: _____
Tracy J. Crane
Robert A. Anderson
Attorneys for Third-Party Defendant

<u>CERTIFICATE OF FILING</u>

I HEREBY CERTIFY that on this 7th day of May, 2015, I filed the foregoing **THIRD-PARTY DEFENDANT ROBERT JONES REALTY, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means:

Thomas A. Banducci
Amanda K. Brailsford
tab@andersenbanducci.com
akb@andersenbanducci.com

Patricia M. Olsson
Matthew McGee
Jon A. Stenquist
pmo@moffatt.com
mjm@moffatt.com
jas@moffatt.com

Raymond D. Powers
Portia L. Rauer
rdp@powerstolman.com
plr@powerstolman.com

/s/  Tracy J. Crane
Tracy J. Crane